IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| JOHN C. STACHEWICZ and<br>NANCY C. STACHEWICZ,<br><br>   Plaintiffs,<br><br>   v.<br><br>WELLS FARGO HOME MORTGAGE<br>and MORTGAGE ELECTRONIC<br>REGISTRATION SYSYSTEMS, INC.<br>a/k/a MERS, INC.,<br><br>   Defendants. | No. 12-cv-1459 |

**REPORT AND RECOMMENDATION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Defendants' Motion to Dismiss Plaintiffs' Complaint (d/e 3).  For the reasons set forth below, the Motion should be ALLOWED.

STATEMENT OF FACTS

On August 12, 1991, Plaintiff Nancy C. Stachewicz executed a deed in which she conveyed a single family residence located at 1213 Third Street, Lacon, Illinois (Residence), to herself and her husband Plaintiff John C. Stachewicz.  Notice of Removal (d/e 1), Exhibit 1, Plaintiff's Complaint to

Declare Mortgage Void and Remove Cloud on Title (Quiet Title) (Complaint), Exhibit A, Deed.

On July 7, 2009, Plaintiffs John C. Stachewicz and Nancy C. Stachewicz (collectively the Stachewiczes) borrowed $158,892.00 from Shelter Mortgage Company, L.L.C. (Shelter).  The Stachewiczes executed a promissory note (Note) in which they promised to pay the money back with 7 percent interest.  Complaint, Exhibit C, Note.  The Note stated that Shelter was the Lender under the Note, and, "The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'"  Note, § 1.

The Note stated that the Stachewiczes were granting the Note Holder a mortgage to secure payment of the indebtedness evidenced by the Note,

> In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note.

Note § 10.

On the same date, July 7, 2009, the Stachewiczes executed a mortgage (Mortgage).  Complaint, Exhibit B, Mortgage.  The Mortgage contained a number of Definitions.  The Definitions stated, in part, that Shelter was the "Lender;" the Stachewicz were the "Borrower" and

mortgagor; the Mortgage document itself was the "Security Instrument;" the Note was the "Note;" the debt evidenced by the Note was the "Loan;" and the Residence was the "Property." Mortgage, at 1-2, Definitions A-B, D-G. The Mortgage also defined the term MERS, "'MERS' is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument." Mortgage, at 1, Definition C.

    The Mortgage then contained a section entitled TRANSFER OF RIGHTS IN THE PROPERTY, which stated, in part:

> This Security Instrument secures to Lender: (I) the repayment of the Loan, and all renewals, extensions and modifications of the Note: and (II) the performances of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in the County of Marshall . . . .

Mortgage, at 3. The Mortgage then referenced the legal description of the Residence attached to the Mortgage and recited the common address of the Residence, 1213 Third Street, Lacon, Illinois. Id.

    The Mortgage contained a number of additional provisions, including a waiver of the Stachewiczes' homestead rights, "Waiver of Homestead. In

accordance with Illinois law, the Borrower hereby releases and waives all rights under and by virtue of the Illinois homestead exemption laws." Mortgage, at 13, ¶ 24.

Shelter assigned the Note to Defendant Wells Fargo Home Mortgage (Well Fargo). Complaint ¶ 17; Notice of Removal, Exhibit 2, Note bearing executed assignment from Shelter to Wells Fargo.

On May 27, 2008, the Stachewiczes filed a joint chapter 7 petition in bankruptcy in this District. Notice of Removal, Exhibit 3, In re John C. and Nancy C. Stachewicz, C.D. Ill. Bankr. No. 08-81408 (Bankruptcy), Voluntary Petition and Accompanying Disclosures, Statements, and Schedules (Bankruptcy Petition). The Stachewiczes filed the required Schedules in the Bankruptcy and electronically signed the Schedules under penalty of perjury. The Stachewiczes listed the Residence as an asset and valued it at $160,000.00. Bankruptcy Petition, Schedule A – Real Property. The Stachewiczes listed personal property valued at $15,905.00. Bankruptcy Petition, Schedule B – Personal Property. The Stachewiczes stated in their list of personal property that they held no claims against anyone as of the date of the filing of the Bankruptcy. Id. ¶ 21.

The Stachewiczes listed Wells Fargo as a secured creditor holding a fully secured claim of $158,000.00 that was neither contingent,

unliquidated, nor disputed.  <u>Bankruptcy Petition</u>, <u>Schedule D – Creditors Holding Secured Claims</u>.  The Stachewiczes further listed $93,054.00 in unsecured claims.  <u>Bankruptcy Petition</u>, <u>Schedule F – Creditors Holding Unsecured Nonpriority Claims</u>.

On December 28, 2009, the Trustee in the Bankruptcy issued his final account and distribution report.  <u>Defendants' Memorandum in Support of Motion to Dismiss Plaintiffs' Complaint (d/e 4)</u>, Exhibit C, <u>Chapter 7 Trustee's Final Account and Distribution Report Certification that the Estate Has Been Fully Administered and Application to be Discharged (Final Report)</u>.  The Final Report indicates that the Stachewiczes received a discharge in bankruptcy.  The Final Report stated that allowed unsecured claims totaled $94,000.07.  The Trustee secured a net of $3,336.96 in non-exempt assets to administer.  The Trustee paid $2,038.36 in administrative fees and expenses and distributed $1,298.60 to the creditors holding the $94,000.07 in unsecured claims.  The Trustee did not distribute anything to the only secured creditor Wells Fargo.  The Stachewiczes received a discharge of their personal liability to Wells Fargo on the Note and for the remaining unpaid portion of the unsecured claims.  <u>Final Report</u>, at 1-2; see 11 U.S.C § 524.

On February 13, 2013, the Stachewiczes filed the Complaint in this case in Marshall County, Illinois, Circuit Court. The Complaint named Wells Fargo and MERS as Defendants. The Stachewiczes alleged that they executed the Note and Mortgage, but no other party executed the Mortgage. The Stachewiczes alleged that Shelter assigned the Note to Wells Fargo. The Stachewiczes alleged that Shelter intentionally separated the Note and Mortgage into separate documents. The Stachewiczes further alleged that the Mortgage purported to grant a mortgage to MERS as nominee of Shelter. The Stachewiczes alleged,

24. The mortgage instrument did not provide any incorporation of or reference to a valid agency agreement between MERS and the Lender that would allow MERS to take a mortgage interest in the Property sufficient to permit MERS to record the Property in MERS' Name, as specifically required by the Statute of Frauds.

25. No document was proffered to justify MERS' authority to act as an agent for the Lender in this land transaction.

26. The Mortgage instrument, in itself, was insufficient as a written agency-creating agreement between the Lender and MERS to satisfy the Statute of Frauds for transfer of a land interest.

27. The Lender did not take any security or property interest in [the Residence].

28. The mortgage instrument itself, naming MERS as "mortgagee," did not effectuate any valid transfer or assignment from the lender to MERS, as the Lender had no interest in the transfer.

    29.    The mortgage instrument at issue in this litigation was recorded on or about August 3, 2007, at the Marshall County Recorder's Office.

Complaint ¶¶ 24-29.

The Stachewiczes further alleged,

    35.    By creating a security interest in separation from the note it purported to secure, the security instrument was defective . . . .

    36.    Defendants cannot claim title to [the Residence] by virtue of having no interest in the loan and by holding only a defective security instrument. . . .

    37.    Plaintiffs have no adequate remedy at law . . . .

    38.    The intentional separation of the mortgage instrument from the note which it purported to secure rendered the mortgage void ab initio, or at least voidable by having no ascertainable value of its own. The Defendants' purported interest arises solely from that defective instrument.

Complaint ¶¶ 35-38. Based on these allegations, the Stachewiczes prayed that the Court to declare the Mortgage to be void, to remove the cloud from their title to the Residence, and to award them damages, costs, and attorney fees. Complaint, at 6 Request for Relief. The Defendants removed this action to this Court and now move to dismiss the Complaint.

ANALYSIS

The Defendants move to dismiss the Complaint on two grounds. The Defendants argue that the Stachewiczes are judicially estopped from disputing the validity of the mortgage lien securing Wells Fargo's claim against the Property. The Defendants also argue that the Complaint fails to state a claim. The Court agrees with both arguments and will address each separately.

A. Judicial Estoppel

The doctrine of judicial estoppel is an equitable doctrine that prohibits a party from taking one position in a judicial proceeding and receiving a benefit from such proceeding, and then later changing that position in another proceeding. See People v. Caballero, 200 Ill.2d 65, 80, 794 N.E.2d 251, 263 (Ill. 2002). In this context, the doctrine applies to prohibit a debtor in bankruptcy from first denying that he owned an asset, including a claim or cause of action, and receiving a discharge in bankruptcy, and then later asserting the same claim. Cannon-Stokes v. Potter, 453 F.3d 446, 448 (7th Cir. 2006). In this case the Stachewiczes stated under oath in the Bankruptcy that Wells Fargo held a fully secured claim for $158,000.00, secured by the Residence, and the claim was neither contingent, disputed, nor unliquidated. The Stachewiczes further stated under oath in the

Bankruptcy that they owned no claim against any party. They then secured a discharge in bankruptcy. They now seek to take the completely opposite position that they have a claim against Wells Fargo because the Mortgage was void ab initio and was a cloud on their title to the Residence.

The change in position has worked to the clear benefit of the Stachewiczes and to the clear prejudice of Wells Fargo and all of the Stachewiczes' other creditors. If the Stachewiczes had disclosed their current claim in the Bankruptcy, Wells Fargo could have litigated the issue in the Bankruptcy. Assuming arguendo that Wells Fargo would have lost in the Bankruptcy, it would have retained an unsecured claim in the Bankruptcy and could have received a dividend along with the other unsecured creditors.[1]

The dividend to Wells Fargo as an unsecured creditor could have been significant. If the Mortgage was avoided, the Residence would have been an unencumbered asset of the bankruptcy estate. The Trustee could have at least recovered the value of the $160,000.00 Residence that

---

[1] As explained below, the Complaint fails to state a claim. The Court discusses the hypothetical result of the Plaintiffs' prevailing on the claim only to demonstrate the prejudice to creditors if debtors are allowed to engage in such changes in position after securing discharges in bankruptcy, and thus, the reason for applying the doctrine of judicial estoppel in such cases.

exceeded the Stachewiczes' $30,000.00 homestead exemption.[2]  See 735 ILCS 5/12-901.  The Trustee then could have paid a substantial dividend to Wells Fargo on its $158,000 claim as well as the other creditors that held the other $94,000.00 in allowed unsecured claims.  Instead, the Trustee paid nothing to Wells Fargo and paid only slightly more than $.10 on the dollar to the other creditors, and the Stachewiczes received a discharge and kept their interest in the Residence.

By raising the claim now, the Stachewiczes are trying to have their cake and eat it too.  They secured the benefits of discharge in bankruptcy and relieved themselves of their personal liability for approximately $250,000.00 in debts, but now want to keep the largest asset that could have been used to pay a portion of those debts.  This they cannot do.  The Court will not allow such an inequitable result.  The Stachewiczes are judicially estopped from asserting this claim.  Cannon-Stokes, 453 F.3d at 448.

The Stachewiczes argue that the Cannon-Stokes decision does not apply here because the plaintiff in Cannon-Stokes was pursuing the undisclosed claim administratively during her bankruptcy.  See Cannon-

---

[2] The Trustee may have also been able to avoid Wells Fargo's lien and preserve the lien for the benefit of the bankruptcy estate.  11 U.S.C. §§ 544, 550.  If so, the Trustee's position may have then been superior even to the Stachewiczes' homestead exemption because they waived the exemption in the Mortgage, as quoted above.  If so, the Trustee could have sold the Residence and distributed all of the net proceeds to Wells Fargo and the other creditors.

<u>Stokes</u>, 453 F.3d at 447.  This distinction is not significant.  The Seventh Circuit acknowledged that a debtor could innocently fail to disclose a cause of action in his bankruptcy filings.  In such a circumstance, however, a debtor "would have filed amended schedules and moved to reopen the bankruptcy, so that the creditors could benefit from any recovery."  <u>Id.</u> at 448.  The Stachewiczes should have amended their schedules and moved to reopen the Bankruptcy to give the Trustee the opportunity to administer this claim.[3]  They did not, and therefore, cannot keep the claim for themselves as they are estopped.  The Complaint should be dismissed under the doctrine of judicial estoppel.

B. <u>Failure to State a Claim</u>

The Stachewiczes also fail to state a claim.  Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted.  <u>Fed. R. Civ. P.</u> 12(b)(6).  The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct."  <u>Fed. R. Civ. P.</u> 8(a)(2) & (d)(1).  While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts

---

[3] The possibility of reopening the Bankruptcy rebuts the argument that judicial estoppel somehow gives a creditor such as Wells Fargo a windfall.  Any party in interest, such as the debtor or any other creditor, may move to reopen a bankruptcy in such a circumstance to give the Trustee the opportunity to assert an undisclosed claim.  11 U.S.C. § 350; Bankruptcy Rule 5010.  Only the debtor is judicially estopped, not the Trustee.

to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests. George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007). Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).

In this case, the Stachewiczes fail to allege any facts that plausibly show a right to relief. The Stachewiczes seek to void the Mortgage, but fail to present any facts that would support that claim. The documents attached to the Complaint are clear. The Note and Mortgage both recite that Shelter loaned $158,000.00 to the Stachewiczes. The Stachewiczes do not dispute that fact in their allegations. The Note states that as part of the consideration for the loan, the Stachewiczes would grant a mortgage to be signed the same day as the Note. The Mortgage was signed the same

day as the Note. The Mortgage recites that the Stachewiczes granted the Mortgage to Shelter's nominee, MERS, as security for the loan from Shelter to the Stachewiczes.

A nominee holds an asset in its name solely for the benefit of another,

> [T]he word "nominee" as commonly used connotes "the delegation of authority to the nominee in a representative or nominal capacity only, and does not connote the transfer or assignment to the nominee of any property in or ownership of the right of the person nominating him."

Middle East Trading & Marine Service, Inc. v Mercantile Financial Corp., 49 Ill.App.3d 222, 230, 364 N.E.2d 886, 892 (Ill. App. 1st Dist. 1977) (quoting Cisco v. Van Lew, 60 Call.App.2d 575, 583-84, 141 P.2d 433, 438 ( Cal. App. 1943)). In this case, MERS held the mortgage lien for the benefit of Shelter and its assigns. Illinois courts have upheld the practice of granting mortgages to MERS as a nominee for lenders. See e.g., Mortgage Electronic Registration Systems, Inc. v. Barnes, 406 Ill.App.3d 1, 940 NE2d 118 (Ill. App. 1st Dist. 2010). Shelter and its assigns, therefore, held the beneficial interest in the Mortgage lien to secure the debt. Wells Fargo is the assign of Shelter. The Stachewiczes do not allege any infirmity in the assignment. Wells Fargo, therefore, holds the beneficial interest in the

Mortgage to secure the debt.  No factual allegations in the Complaint call any of this into question.

The Stachewiczes allege in a conclusory fashion that separating the Note and Mortgage into separate documents somehow renders the mortgage defective.  The Stachewiczes cite no authority in their memorandum to support this proposition, and the Court is not aware of any such authority.  Rather, the opposite is the case.  A transaction may be embodied in several different documents.  See e.g., Mid-Town Petroleum, Inc. v. Dine, 72 Ill.App.3d 296, 390 N.E.2d 428, 434 (Ill. App. 3$^d$ Dist. 1979).  Moreover, Illinois specifically authorizes the use of a form of mortgage that is separate from the note and that is signed only by the mortgagor. 765 ILCS 5/11.  The use of separate documents does not render the Mortgage defective.

The Stachewiczes also allege in a conclusory fashion that the Note and Mortgage failed to meet the requirements of the Statute of Frauds. The Stachewiczes allege that the disclosure of MERS' position as a nominee for Shelter and its assigns, and the disclosure of the agency relationship between MERS and Shelter and its assigns, were not sufficient to meet the Statute of Frauds.  These allegations represent a fundamental misunderstanding of the Statute of Frauds.

Section 2 of the Illinois Statute of Frauds provides, in part,

> § 2.   No action shall be brought to charge any person upon any contract for the sale of lands . . . or any interest in or concerning them . . . unless such contract or some memorandum or note thereof shall be in writing, signed by the party to be charged therewith . . . .

740 ILCS 80/2.  Section 2 establishes an affirmative defense to a claim arising from a real estate transaction if the defendant (or party to be charged) did not sign a written document evidencing the transaction.  The Statute of Frauds does not create a cause of action for parties who signed documents to repudiate their own signatures.

In this case, MERS and Wells Fargo (the parties to be charged) have no need to raise the Statute of Frauds as a defense because the Stachewiczes are not seeking to enforce the terms of this real estate transaction evidenced by Note or Mortgage.  Should MERS, as nominee for Wells Fargo, foreclose the Mortgage and name the Stachewiczes as defendants to foreclose their interest in the Residence, the Stachewiczes cannot raise the Statute of Frauds as a defense because they signed the Note and Mortgage.  The Statute of Frauds is irrelevant to this case.  The Stachewiczes fail to allege any facts to demonstrate a plausible claim that the Mortgage is invalid.  The Complaint fails to state a claim.

WHEREFORE this Court recommends that the Defendants' Motion to Dismiss Plaintiffs' Complaint (d/e 3) should be ALLOWED.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).  See <u>Local Rule</u> 72.2.

ENTER:    January 15, 2013

                                       *s/ Byron G. Cudmore*
                                 UNITED STATES MAGISTRATE JUDGE