E-FILED
Friday, 08 February, 2013  12:08:27 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN C. STACHEWICZ and<br>NANCY C. STACHEWICZ,<br><br>    Plaintiffs,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE<br>and MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.,<br>a/k/a MERS, INC.,<br><br>    Defendants. | Case No. 12-01459 |

## ORDER

On January 15, 2013, a Report & Recommendation (ECF No. 7) was filed by Magistrate Judge Byron G. Cudmore in this case. In his Report and Recommendation, the Magistrate Judge recommended that Defendants Wells Fargo Home Mortgage and Mortgage Electronic Registration Systems, Inc.'s ("Defendants") Motion to Dismiss Plaintiff's Complaint (ECF. No. 3) be allowed. For reasons stated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation (ECF No. 29). Defendants' Motion to Dismiss Plaintiff's Complaint is GRANTED. The Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.

### Discussion

The parties were advised that any objection to the Report and Recommendation had to be filed within fourteen days after service of the Report and Recommendation. (ECF No. 7 at 16). *See also* Fed. R. Civ. P. 72(b); ILCD-LR 72.2; *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986). The deadline for filing an objection to the Report and Recommendation has passed and no party has presented any objections. As the parties failed to present timely objections, any such objections have been waived. *Brokaw v. Brokaw*, 128 F.App'x 527, 530 (7th

Cir. 2005). In a situation where no party objects to the magistrate judge's action, the district court may accept the recommendation and reconsider *sua sponte* any matter determined by a magistrate judge. *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752, 760 (7th Cir. 2009).

The Court has carefully reviewed the Report and Recommendation and adopts it in its entirety. The Magistrate Judge's Report and Recommendation sufficiently sets for the relevant facts and will not be repeated herein. (See ECF No. 7 at 1-7). In sum, Plaintiffs John C. Stachewicz and Nancy C. Stachewiz ("Plaintiffs") brought this action to have the Court declare the Defendants' mortgage void and to remove the cloud from their title to the property located in Lacon, Illinois 61540. (ECF No. 1-1 at 3, 6). The Defendants move to dismiss the Complaint arguing that the Plaintiffs are judicially estopped from disputing the validity of the mortgage lien because of the Plaintiffs' actions and the decision in their bankruptcy proceeding. (ECF No. 4 at 5-6). Defendants also moved to dismiss arguing that the Complaint fails to state a claim. (ECF No. 4 at 6).

The Magistrate Judge specifically addressed the reasons why the Plaintiffs are judicially estopped from bringing this action in great detail. The Magistrate Judge summarized the entire rationale for dismissal by explaining:

> [Plaintiffs] secured the benefits of discharge in bankruptcy and relieved themselves of their personal liability for approximately $250,000.00 in debts, but now want to keep the largest asset that could have been used to pay a portion of those debts. This they cannot do.

(ECF No. 7 at 10). Indeed, in the bankruptcy case, Plaintiffs disclosed that Wells Fargo held a claim for $158,000.00, secured by the Residence, and "the claim was neither contingent, disputed, nor unliquidated." (ECF No. 7 at 8). Ultimately because of this position, in the bankruptcy case, the Plaintiffs "were able to receive a discharge and kept their interest in the residence." (ECF No. 7 at 10). In the instant case, Plaintiffs are now seeking to assert a

completely contrary position in hopes to "keep the largest asset." *Id*. The Magistrate Judge properly concluded that they cannot take such a position.

The Magistrate Judge also correctly concludes that the Plaintiffs "fail to allege any facts to demonstrate a plausible claim that the Mortgage is invalid." (ECF No. 7 at 15). If this was the only deficiency, the Court may be inclined to allow the Plaintiffs an opportunity to re-plead its Complaint. However, because the Plaintiffs are judicially estopped from bringing this action, the Court finds it appropriate to dismiss the Complaint with prejudice.

## Conclusion

For reasons stated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation (ECF No. 7) and the Motion to Dismiss (ECF No. 3) is GRANTED. The Complaint is DISMISSED WITH PREJUDICE. This case is now TERMINATED.

ENTERED this 8th day of February 2013.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge